### SOLT v. CANNEY.

(Circuit Court of Appeals, First Circuit. June 18, 1908.)

#### No. 758.

MASTER AND SERVANT—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Plaintiff had been employed by defendant for a number of years in working at a granite quarry. At the time of his injury he was in charge of a car and engaged with others in loading rough stones thereon by means of a derrick. The stones were gripped by means of tongs; holes being drilled or cut therein to keep the points of the tongs from slipping, and plaintiff assisting in such work. He and another had made three attempts to make a hitch on a stone; the tongs slipping each time. Finally, a hitch was made which held, and the stone was raised into the air and swung over the car. Plaintiff got upon the car to guide it into place, and. desiring to pass to the other side of it on the car, he pushed it back, when the tongs again slipped, and the stone fell and injured him. It was a matter of common knowledge among those engaged in such work that while a stone of such kind might ride safely when undisturbed, when moved so as to change the bearings of the points they would be likely to slip, and plaintiff could have passed under or around the one in question without touching it. *Held*, that both on the ground of assumption of risk and of contributory negligence plaintiff was barred from recovery for the injury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 574–600, 749.

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

In Error to the Circuit Court of the United States for the District of Massachusetts.

William A. Pew, Jr., for plaintiff in error.
Francis Peabody, Jr., for defendant in error.

Before PUTNAM, Circuit Judge, and ALDRICH and BROWN, District Judges.

ALDRICH, District Judge. Solt, the plaintiff, was a workman in the employ of the defendant, and, with others, under one Larson as foreman or superintendent, was engaged at the time of the injury in loading a car with quarried stones which were being hoisted from the defendant's quarry and swung over and lowered to a car by means of a derrick. Solt had had six years' experience in the quarry, and, at the time of the accident, was in charge of the car which was being loaded. The operation of transferring the pieces or blocks of granite from the quarry to the car involved hitching to stones by such tongs and dogs as are used in ordinary derrick stone hoisting; the grip or hitch of the tongs being usually across the narrow way of the stone. As the stones were hoisted, they were brought into position over the car by means of a tag rope so connected as to pull the derrick boom around that the stones might be lowered upon the car. At the time of the injury, Solt was upon the car, only a short distance from the quarry, which was in plain sight of all the parties concerned in the work of loading. When a given piece of granite was to be hoisted, holes were drilled or cut in the rock into which the points or dogs of the hoisting tongs were inserted. This was sometimes done by Larson, sometimes by the plaintiff, sometimes by the two together, and sometimes by others.

Under conditions of rough quarrying, when the tongs and dogs are put to the hoisting test, the hitch or hold not infrequently gives away. On the occasion in question, Larson and Solt secured the hitch and placed one stone on the car. The hitch to the second stone was also made by Larson and Solt, Larson securing the dog on one side and Solt on the other, and, when an attempt was made to hoist, the dog slipped, and the stone fell. Then Solt went to the car, and a second hitch was made, which slipped, as was also the case when a third attempt was made to hoist. This was all so far under the eye and observance of Solt as to enable him to describe it on the witness stand. Finally, a hitch was made which raised the stone into the air, and a workman by the name of Santti, by means of the tag rope, pulled the derrick boom and the stone into position over the car. It was a part of Solt's duty, as they were loading, to see that the stones were lowered into the proper place upon the car. He usually did this by pushing the stone as it was being lowered so that it would be deposited at the intended place. When the stone which hurt Solt came round over the car, Solt found that he was on the wrong side of the car to push the stone into place as it was lowered, and, according to his own account of it, in order to pass to the other side of the car he took hold of the end of the stone with both hands and pushed it towards the

bank. Pushing it out of its suspended position and out of balance caused the dogs to slip, and the stone to fall, and thus the injury happened.

It is a matter of common understanding that, when such a hitch is secured upon irregular-shaped objects of weight as to once hoist and hold them, they will ride safely through the air, unless they encounter something which interrupts their balance. It is also well understood, in the business of stone hoisting, and in the business of hoisting irregular-shaped weights of any description, that slight interruption may materially change and endanger the bearing of the weight and the hold of the points of the dogs. It is likewise well understood by those acquainted with stone quarrying that granite bearings upon hardened points are liable to shift under changing pressure, and that the mere weight of a hand upon the end of a rock hanging in tongs upon dog points might so disturb its balance as to change it from a safe horizontal position to a perpendicular one creating conditions of danger and hazard through putting the rock upon different bearings upon the points of the dogs, whereby the hold might be released. .

Under the circumstances, Solt's act in pushing the stone upon its end in order to pass it was hazardous and careless. It was quite unnecessary for him to push the stone out of its suspended position in order to pass from one part of the car to another. He could have stepped off the car, or quite likely, letting the stone alone, could have passed safely under it. Pushing the stone from its suspended position in order to pass from one part of the car to another was no necessary part of the performance of his duty. Standing back, and guardedly, in the line of duty, pushing a suspended stone away as it is being lowered into a particular place, is one thing. Unnecessarily, heedlessly, and for one's personal convenience pushing a suspended stone aside through pressure upon one end and passing it at the same time, is quite another and different thing. It was for Solt's own convenience that he pushed the stone aside, and he thus brought the injury upon himself.

Both the doctrine of assumption of risk and that of contributory negligence interpose against the plaintiff's recovery.

Holding this view, we have no occasion to consider whether Larson was exercising superintendence within the meaning of section 71, c. 106, Rev. Laws Mass. 1902.

The judgment of the Circuit Court is affirmed, and the defendant recovers his costs in this court.